UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. _____ |
| v. | ) ) ) |
| | ) **COMPLAINT** |
| MINNESOTA DEPARTMENT OF CORRECTIONS, | ) ) **Jury Trial Demand** |
| | ) |
| Defendant, | ) ) |
| v. | ) ) |
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, UNIT 208; MINNESOTA ASSOCIATION OF PROFESSIONAL EMPLOYEES; MIDDLE MANAGEMENT ASSOCIATION; AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL NO. 5, AFL-CIO; MINNESOTA NURSES ASSOCIATION; AND MINNESOTA LAW ENFORCEMENT ASSOCIATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Rule 19(a) Defendants. | ) ) |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Marilyn Gierke and other similarly situated individuals ("class members"). The U.S. Equal Employment Opportunity Commission ("Commission") alleges that from 1995 through the present, the

1

Minnesota Department of Corrections discriminated against the class members by denying them early retirement incentive benefits because of their age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. The Minnesota Department of Corrections is an agency of the State of Minnesota, operating facilities around the State of Minnesota, and with administrative and managerial functions operating in St. Paul, Minnesota. At all relevant times, it has continuously had at least 20 employees.

5. At all relevant times, the Department of Corrections has continuously been an employer, a political subdivision of a State, within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

6. At all relevant times, Defendant, American Federation of State, County and Municipal Employees, Unit 208 ("Unit 208"), has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 25 members. At all relevant times, Unit 208 has been a recognized collective bargaining representative for employees of the Defendant Minnesota Department of Corrections. At all relevant times, Unit 208 has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e). Unit 208 is named as a defendant in this action under Fed. R. Civ. P. 19(a)(1) because its presence is necessary for complete relief to be accorded.

7. At all relevant times, Defendant, Minnesota Association of Professional Employees ("MAPE") has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 25 members. At all relevant times, MAPE has been a recognized collective bargaining representative for employees of the Defendant Minnesota Department of Corrections. At all relevant times, MAPE has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e). MAPE is named as a defendant in this action under Fed. R. Civ. P. 19(a)(1) because its presence is necessary for complete relief to be accorded.

8. At all relevant times, Defendant, Middle Management Association ("MMA"), has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 25 members. At all relevant times, MMA has been a recognized collective bargaining representative for employees of the Defendant Minnesota Department of Corrections. At all relevant times, MMA has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e). MMA is named as a defendant in this action under Fed. R. Civ. P. 19(a)(1) because its presence is necessary for complete relief to be accorded.

9. At all relevant times, Defendant, Minnesota Law Enforcement Association ("MLEA"), has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 25 members. At all relevant times, Unit 208 has been a recognized collective bargaining representative for employees of the Defendant Minnesota Department of Corrections. At all relevant times, Unit 208 has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e). MLEA is named as a defendant in this action under Fed. R. Civ. P. 19(a)(1) because its presence is necessary for complete relief to be accorded.

10. At all relevant times, Defendant, American Federation of State, County and Municipal Employees, Council No. 5, AFL-CIO ("AFSCME, Council 5"), has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 25 members. At all relevant times,

AFSCME, Council 5 has been a recognized collective bargaining representative for employees of the Defendant Minnesota Department of Corrections.  At all relevant times, AFSCME, Council has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e).  AFSCME, Council 5 is named as a defendant in this action under Fed. R. Civ. P. 19(a)(1) because its presence is necessary for complete relief to be accorded.

11. At all relevant times, Defendant, Minnesota Nurses Association ("MNA"), has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 25 members.  At all relevant times, MNA has been a recognized collective bargaining representative for employees of the Defendant Minnesota Department of Corrections.  At all relevant times, MNA has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e).  MNA is named as a defendant in this action under Fed. R. Civ. P. 19(a)(1) because its presence is necessary for complete relief to be accorded.

## CONCILIATION

12. More than 30 days prior to the institution of this lawsuit, Marilyn Gerhke filed a charge with the EEOC alleging violations of the ADEA by the Minnesota Department of Corrections.  All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary

compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS AGAINST MINNESOTA DEPARTMENT OF CORRECTION

14. From at least 1995 through the present, Defendant Minnesota Department of Corrections has engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by entering into collective bargaining agreements which provided that retiring employees covered by the Correctional Employees Retirement Plan would receive a greater incentive if they were between the age of 50 and 55.

15. The early retirement incentive plan contained in those collective bargaining agreements that existed prior to July 2005 provided that employees who retired between the ages of 50 and 55 would receive a continuation of the employer contributions for health and dental benefits until they reached age 65. If the employee did not retire by the end of the pay period in which they turned age 55, the employee would not receive the incentive of the employer contributions towards insurance when they subsequently retired.

16. The Minnesota Department of Corrections had the same or similar age-based incentive plans in the contracts or agreements with the following: Unit 208, AFSCME, Council 5, MAPE, MMA, MLEA, and the State Residential Schools Education Association ("SRSEA"). The same or similar age-based incentive plan was also in the Commissioner's and Managerial Plans applicable to certain employees of the Minnesota Department of Corrections.

17. The 2005/2007 and the 2007/2009 collective bargaining agreements with AFSCME, Council 5, MAPE, MNA, MMA, and MLEA, still bar corrections employees who did

not elect to retire by the end of their 55th birthday from obtaining the employment benefit of the employer's contribution towards their health and dental insurance.

18.     The Commissioner's and Managerial Plans for the 2005/2007 and 2007/2009 period still bar corrections employees who did not elect to retire by the end of their 55th birthday from obtaining the employment benefit of the employer's contribution towards their health and dental insurance

19.     In the 2005/2007 and 2007/2009 collective bargaining agreement between Unit 208 and the State of Minnesota, a early retirement incentive benefit was included for corrections employees who were age 55 and older. However, the collective bargaining agreement provides that persons who were age 55 or older on July 1, 2005, were not eligible for the benefit.

20.     In the 2007/2009 collective bargaining agreement between MAPE and the State of Minnesota, a early retirement incentive benefit was included for corrections employees who were age 55 and older. However, the collective bargaining agreement provides that persons who were age 55 or older on July 1, 2005, were not eligible for the benefit.

21.     Marilyn Gierke was a corrections officer for the Department of Corrections and a member of Unit 208. Gierke retired in 2006 after the age of 55. Because she did not retire before the end of the pay period when she turned age 55, Gierke did not receive payments for the employer's contribution to her health and dental insurance.

22.     Other employees of the Minnesota Department of Corrections retired between 1995 and the present who, because they retired after the end of the pay period where they turned age 55, were denied the early retirement incentive benefit of the employers' contribution, which is given to employees between the ages of 50 and 55.

23.     The early retirement incentive plans contained in the agreements violate the ADEA.  They are facially discriminatory.  The policies were motivated by age animus towards older workers.

24.     The effect of the practices complained of in paragraphs 14-23  above has been to deprive Marilyn Gierke and all employees who retired between 1995 and the present, and who would have been qualified to receive the early retirement incentive benefit but for the fact that they were past their 55th birthday, of equal employment opportunities and otherwise adversely affect their status as an employee, because of their age.

25.     The unlawful employment practices complained of in paragraphs 14-23 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Minnesota Department of Corrections, its appointees, employees, officers, successors, assigns, divisions, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of age against individuals aged 40 and older.

B.      Grant a permanent injunction enjoining Defendant Minnesota Department of Corrections from offering any early retirement incentive program which reduces benefits because of age.

C.      Grant a judgment requiring Defendant Minnesota Department of Corrections to pay class members the amount of the early retirement incentive benefit to which each would have been entitled had they not been disqualified based on his or her age, plus an equal sum as liquidated damages.

    D.    Order Defendant Minnesota Department of Corrections and the Rule 19(a) Defendants American Federation of State, County, and Municipal Employees, Unit 208; Minnesota Association of Professional Employees; Middle Management Association; American Federation of State, County and Municipal Employees, Council No. 5, AFL-CIO; Minnesota Nurses Association; and Minnesota Law Enforcement Association to amend any and all applicable collective bargaining agreements to remove the disqualification from the early retirement incentive benefit for those persons who are age 55 and older.

    E.    Order Defendant Minnesota Department of Corrections to modify the Managerial and Commissioner's Plans to remove the disqualification from the early retirement incentive benefit for those persons who are age 55 and older.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    Ronald S. Cooper
    General Counsel

    James L. Lee
    Deputy General Counsel

    1801 L Street, N.W.
    Washington, DC 20507

Date:  __9/23/2008_____                    s/John C. Hendrickson_____
                                                         John C. Hendrickson
                                                         Regional Attorney

                                                         Jean P. Kamp
                                                         Associate Regional Attorney

                                                         Chicago District Office
                                                         500 West Madison Street, Suite 2000
                                                         Chicago, Illinois  60601
                                                         (312) 353-8551


Date:  ___9/23/08_____                      s/Laurie A. Vasichek_____
                                                          Laurie A. Vasichek
                                                         Senior Trial Attorney
                                                         Minn. Bar No. 171438

                                                         Minneapolis Area Office
                                                         330 Second Avenue South, Suite 430
                                                         Minneapolis, Minnesota  55401
                                                         (612) 335-4061